# In the United States Court of Federal Claims

No. 22-147C

(Filed: June 27, 2022)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **JOSEPH PARROTT, SR.,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

*Joseph Parrott, Sr.*, Jacksonville, FL, *pro se*.

*Michael Duane Austin*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

***SOLOMSON*, Judge.**

      On February 10, 2022, Plaintiff, Joseph Parrott, Sr., a resident of Jacksonville, FL, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1. ("Compl."). That same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. On February 15, 2022, the Court granted Plaintiff's IFP motion and stayed this action to evaluate it, *sua sponte*, for probable lack of jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 6.

      Plaintiff's complaint is difficult to decipher.[1] As far as the Court can discern, however, Plaintiff alleges that government officials of the City of Jacksonville, as well as the State of Florida, wrongfully denied his requests for documents related to a prior

---

[1] The facts alleged in Plaintiff's complaint are assumed to be true, and do not constitute factual findings by the Court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019).

conviction in "violation of the [F]lorida sunshine law."[2]  Compl. at 1.  Plaintiff asserts similar claims against federal officials, claiming that they withheld documents he requested pursuant to the Freedom of Information Act ("FOIA").  *Id.*  Plaintiff further contends that the Jacksonville Sheriff's Office "harassed" him and unlawfully "repossess[ed]" his car while he was "in bankruptcy" and under the protection of an automatic stay.  *Id.* (citing 11 U.S.C. § 362).  Plaintiff also claims that in 2011 and 2016, he was unlawfully arrested "without a warrant or . . . probable cause."  *Id.*  Additionally, Plaintiff alleges that in 2012, he "was in the courtroom for a hearing [and] the Judge allow[ed] the [S]tate Attorney an[d] the court reporter to testify against [him] and they both lied under Oath" and he "was taken in to [sic] custody."  *Id.*  Moreover, Plaintiff asserts that the City of Jacksonville unfairly discriminated against him by excluding his company from competition for local government contracts.  *Id.* at 2.  Lastly, Plaintiff contends that he has "contact[ed] the United States government" for help and "file[d] complaints," but the government failed "to investigate" the alleged "violations . . . [of] the Florida statutes an[d] Constitutions [and] the U.S.A. Constitutions [sic] of human Rights."  *Id.*  Accordingly, Plaintiff seeks $33,700,000, ECF No. 1-2 at 1, for "pain and suffering," Compl. at 3.[3]

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."  *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  In other words, even a *pro se* plaintiff "bears

---

[2] Plaintiff mistakenly references the Government-in-the-Sunshine Law, Fla. Stat. § 286.011 (2021) (governing public access to government meetings), instead of the Public Records Law, Fla. Stat. §§ 119.01–119.15 (2021) (governing public access to state, county, and municipal records).  The Courts assumes, for the purpose of this opinion, that Plaintiff intended to cite the Public Records Law.  *See* Sandra F. Chance & Christina Locke, *The Government-in-the-Sunshine Law Then and Now: A Model for Implementing New Technologies Consistent with Florida's Position as a Leader in Open Government*, 35 Fla. St. U. L. Rev. 245, 245 n.1 (2008) ("Although the term 'Sunshine Law' is often used to describe both open meetings and public records laws, Florida uses this term to specifically refer to its open meetings law.").

[3] Plaintiff has filed numerous complaints in the United States District Court for the Middle District of Florida, most of which have been dismissed on various grounds.  *See, e.g., Parrott v. Florida*, 2020 WL 7047785 (M.D. Fla. Dec. 1, 2020) (dismissing complaint for lack of subject-matter jurisdiction), *appeal dismissed*, 2021 WL 4049364 (11th Cir. July 6, 2021); *Parrott v. Saittia*, 2020 WL 7047783, at *1 (M.D. Fla. Dec. 1, 2020) (dismissing complaint for failure to state a claim), *appeal dismissed*, 2021 WL 4049362 (11th Cir. July 6, 2021); Order, *Parrott v. Daniel*, No. 3:13-cv-867 (M.D. Fla. Aug. 27, 2013), ECF No. 5 (dismissing complaint as meritless and frivolous); Order, *Parrott v. Comm'r of the Soc. Sec. Admin.*, No. 3:13-cv-1443 (M.D. Fla. July 23, 2014), ECF No. 23 (dismissing complaint for untimeliness); Order, *Parrott v. Miesels*, 3:18-cv-635 (M.D. Fla. Jan. 30, 2019), ECF No. 16 (dismissing complaint for lack of subject-matter jurisdiction, failure to state a claim, and frivolity).

the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). In the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action; in order to come within the jurisdictional reach . . . of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). With respect to "money-mandating" claims, a plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967).

For the reasons explained below, the Court dismisses, *sua sponte*, Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips, Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

*First*, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), this Court's jurisdiction is limited to claims against the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claim's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)). In that regard, the Court is precluded from hearing claims "against individual federal officials," *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997), and "claims against states, state agencies, or state officials," *Pikulin v. United States*, 97 Fed. Cl. 71, 75 n.7 (2011); *see also Walsh v. United States*, 250 F. App'x 310, 311 (Fed. Cir. 2007) (dismissing claims against the State of Iowa and City of

3

Dubuque).  Accordingly, the Court has no jurisdiction to hear Plaintiff's claims against the State of Florida, the City of Jacksonville, or any federal, state, or local officials.

*Second*, to the extent that Plaintiff alleges claims against the United States, Plaintiff "d[oes] not assert any claims deriving from money-mandating sources of law not sounding in tort" that would place Plaintiff's claims within this Court's jurisdiction. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015); *see also Frazier v. United States*, 683 F. App'x 938, 940 (Fed. Cir. 2017) ("The COFC does not have jurisdiction over claimed violations of . . . FOIA because th[at] statute[] do[es] not contain money-mandating provisions." (citing *Snowton v. United States*, 216 Fed. App'x 981, 983 (Fed. Cir. 2007))).  Thus, insofar as Plaintiff seeks to hold the United States liable for other harm he has allegedly suffered, such claims "sound[] in tort" and are outside this Court's jurisdiction.  *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." (citing 28 U.S.C. § 1491(a)(1))).

*Third*, "[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).  Therefore, this Court does not have the authority to adjudicate Plaintiff's claims that are predicated on state law.  *See id.*

*Fourth*, even if Plaintiff's allegations concerning discrimination constitute a cognizable claim, the Court lacks jurisdiction over such claims as well.  *See Taylor v. United States*, 310 Fed. App'x 390, 393 (Fed. Cir. 2009) ("Because Title VII vests jurisdiction over discrimination claims exclusively in the district court, the Court of Federal Claims cannot exercise jurisdiction over those claims.").

*Fifth*, Plaintiff's constitutional claims stemming from allegedly unlawful arrests[4] are similarly outside this Court's jurisdiction.  *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding that the Court of Federal Claims has no jurisdiction to hear due process claims under the Fifth and Fourteenth Amendments).

*Sixth*, this Court has no jurisdiction to review Plaintiff's bankruptcy-related claims, including the alleged improper repossession of Plaintiff's car in violation of 11 U.S.C. § 362.  *See Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (holding that the Court of Federal Claims does not have jurisdiction to review court-approved bankruptcy actions); *Blodgett v. United States*, 792 F. App'x 921, 925 (Fed. Cir. 2019) (finding that the Court properly dismissed plaintiff's bankruptcy-related claims, including an alleged

---

[4] Plaintiff does not specify which of his constitutional rights were violated in connection with the alleged "wrongful[] arrest[s]" on December 13, 2011 and February 8, 2016.  Compl. at 1–2.  Construing Plaintiff's claims liberally, the Court assumes that Plaintiff is alleging violations of the due process clauses of the Fifth Amendment and Fourteenth Amendment.

violation of 11 U.S.C. § 362, "because district courts—and not the Claims Court—have 'original and exclusive jurisdiction of all cases under title 11'" (quoting 28 U.S.C. § 1334)).

*Seventh*, although government contract claims generally fall within this Court's jurisdiction, such claims must be predicated on express or implied contracts with the federal government, not state or local government. *See Gharb v. United States*, 2013 WL 4828589, at *6 (Fed. Cl. Sept. 9, 2013) ("[C]ontracts with [states] or with their municipal subunits are not contracts with the United States government. Claims based on contracts with cities . . . are not claims against the United States and are not actionable in our court."). Moreover, Plaintiff fails to allege facts demonstrating the existence of any contract, let alone one the United States breached. *See Perry v. United States*, 2021 WL 2935075, at *3 (Fed. Cir. July 13, 2021) (affirming dismissal for lack of jurisdiction and failure to state a claim where there were no "factual allegations that there was a meeting of the minds between [plaintiff-appellant] and the [government]"). Thus, the Court lacks jurisdiction to hear Plaintiff's contract claims.

Finally, to the extent Plaintiff's claims are predicated on events occurring outside the Court's statute of limitations, the Court lacks jurisdiction. Claims brought in this Court must be "filed within six years after such claim[s] first accrue[]." 28 U.S.C. § 2501; *Jones v. United States*, 30 F.4th 1094, 1100 (Fed. Cir. 2022). The six-year statute of limitations is "absolute" and "jurisdictional." *John R. Sand & Gravel Co. v United States*, 552 U.S. 130, 133–34 (2008). Here, Plaintiff's claims largely are based on incidents occurring in 2003, 2004, 2011, 2012, and 2016. Compl. at 1–2. Plaintiff did not file suit in this Court, however, until February 10, 2022.[5] Therefore, pursuant to 28 U.S.C. § 2501, Plaintiff's claims stemming from events prior to February 10, 2016, are time-barred, and the Court lacks jurisdiction to decide them.

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint. The Clerk of the Court shall enter **JUDGMENT** for the government.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
**Matthew H. Solomson**
**Judge**

---

[5] Plaintiff alleges that that on "Feb[ruary] 8, 2016[,] while in the [S]tate Attorney office," he was "falsely, willfully and wrongfully arrested without a warrant or without probable cause." Compl. at 1. Plaintiff's complaint, however, was received by the Clerk of the Court on February 10, 2022, more than six years after the alleged wrongdoing. *See* ECF No. 1-3 (reflecting a "received" stamp dated February 10, 2022); *see also* RCFC 3 ("A civil action is commenced by filing a complaint with the court."). Thus, this claim is time-barred even assuming this Court were to have subject-matter jurisdiction over claims related to Plaintiff's arrest.